1

Hon.

2

EXPEDITE
No Hearing Set
3

Hearing is Set
       Date:
4

       Time:
       Judge/Calendar:
5

6

7

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

8

JEAN-BAPTISTE YAMINDI and NICKIESHA
9

GORDON,                                          No.

10

                    Plaintiffs,                  COMPLAINT

11

       v.                                        JURY DEMAND

12

CAMERON OSMER and WASHINGTON
STATE PATROL,

13

                    Defendant.

14

15

16

**I.      INTRODUCTION**

17

       1.1      This is a civil rights action brought under the Washington Law Against

18

Discrimination, 42 U.S.C. § 1983, and state tort law.

19

       1.2      On separate occasions less than a month apart, Trooper Cameron Osmer of the

20

Washington State Patrol arrested both plaintiffs for driving under the influence, despite that both

21

plaintiffs blew 0.000 BAC ("Blood Alcohol Content") scores and showed no signs of

22

intoxication. Trooper Osmer then went a step farther, misleading judicial officers to obtain

23

warrants for blood from both Plaintiffs. Both plaintiffs' blood tests confirmed they were

24

completely innocent and all charges were dropped.

25

       1.3      Trooper Osmer did not select the victims of these unlawful arrests randomly. Both

26

plaintiffs are immigrants. Both speak with noticeable accents. Both plaintiffs are black. In the

27

span of a month, Trooper Osmer unlawfully arrested and obtained invasive blood draws on both.

COMPLAINT - 1

19091.00 pe312501

1    Plaintiffs seek damages and accountability before Trooper Osmer violates the rights of other

2    black or immigrant residents of King County.

## II.    PARTIES

4    2.1    Plaintiff Jean-Baptiste Yamindi is a resident of the State of Washington. He has

5    lived in Seattle since 2014. His race is black and he is originally from the Central African

6    Republic. He speaks fluent English with a French accent. Dr. Yamindi is employed as a software

7    engineer and holds a Ph.D and a Post-Doctorate in information systems and telecommunications.

8    2.2    Plaintiff Nickiesha Gordon is a resident of the State of Florida, who resided in the

9    State of Washington as of November 2, 2020. Her race is black and her national origin is

10   Jamaican. She speaks fluent English with a Jamaican accent. She worked as a police officer in

11   Jamaica, and then became a home healthcare aid.

12   2.3    Defendant Cameron Osmer is a State Trooper employed by the Washington State

13   Patrol, acting at all relevant times under color of state law. He is sued here in his individual

14   capacity.

15   2.4    Defendant Washington State Patrol is an agency of the State of Washington,

16   acting under color of state law.

## III.    JURISDICTION, VENUE, and JOINDER

18   3.1    This Court has jurisdiction under RCW 4.12.020, and venue is proper, because the

19   claims arose in King County.

20   3.2    Joinder of Plaintiffs' claims is proper under Civil Rule 20 because Plaintiffs assert

21   a right to relief jointly; their claims arise out of the same series of transactions or occurrences

22   and at the hand of the same individual defendant; and common questions of law and fact will

23   arise in the action.

## IV.    FACTS

25   <u>Trooper Osmer Unlawfully Arrested and Searched Plaintiff Jean-Baptiste Yamindi</u>

26   4.1    On October 11, 2022, Trooper Osmer was on patrol, driving southbound on I-5

27   near the Roanoke Exit in King County, when he saw Dr. Yamindi.

COMPLAINT - 2

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

19091.00 pe312501

4.2     Trooper Osmer pulled Dr. Yamindi over for an alleged traffic infraction, which was later dismissed.

4.3     Trooper Osmer could see that Dr. Yamindi was a black male, and could hear that Dr. Yamindi spoke with a noticeable accent.

4.4     Trooper Osmer told Dr. Yamindi to exit the vehicle.

4.5     Trooper Osmer had Dr. Yamindi take a breath test. The test showed a blood alcohol content (BAC) of 0.000.

4.6     A BAC result of 0.000 indicates that the test subject is not impaired by alcohol.

4.7     Dr. Yamindi was in fact completely sober.

4.8     Dr. Yamindi explained to Trooper Osmer that he was sober and in fact never used drugs or alcohol.

4.9     Trooper Osmer had Dr. Yamindi perform a series of field sobriety tests out of view of the police vehicle's dashboard camera.

4.10    Dr. Yamindi performed the tests satisfactorily and according to Trooper Osmer's instructions.

4.11    Trooper Osmer accused Dr. Yamindi of driving while intoxicated and handcuffed and arrested Dr. Yamindi.

4.12    Trooper Osmer searched Dr. Yamindi's car and person and found nothing incriminating.

4.13    Trooper Osmer had Dr. Yamindi's car impounded, damaging the car in the process.

4.14    Trooper Osmer obtained a search warrant for Dr. Yamindi's blood, and then obtained two vials of Dr. Yamindi's blood, which were tested for the presence of drugs or alcohol. The official test results showed zero alcohol or drugs in Dr. Yamindi's blood, consistent with the 0.000 BAC test result.  All charges were dismissed.

COMPLAINT - 3

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

19091.00 pe312501

4.15     In order to obtain a search warrant for blood from Dr. Yamindi, Trooper Osmer falsely represented to a Magistrate Judge in a warrant affidavit that there was a basis to believe Dr. Yamindi had been driving while impaired, when in fact there was none.

4.16     Trooper Osmer intentionally or recklessly made false statements and/or omissions in the warrant application, including the statement there was reason to believe Dr. Yamindi was impaired.

4.17     Trooper Osmer's reckless or intentional omissions and/or misrepresentations were material to the warrant application and the warrant would not have issued but for these reckless or intentional omissions and representations.

4.18     All charges against Dr. Yamindi were dismissed.

4.19     There was no probable cause to arrest Dr. Yamindi or draw his blood.

4.20     Trooper Osmer arrested and searched Dr. Yamindi without probable cause because Dr. Yamindi is black and/or because of Dr. Yamindi's national origin.

4.21     As a direct and proximate result of Trooper Osmer's unlawful arrest of Dr. Yamindi, Dr. Yamindi was forced to spend a night in jail in unsanitary conditions.  At the time, individuals who did not pose public safety concerns were not to be placed in lockup because of the risks associated with COVID-19.  Trooper Osmer nevertheless booked Dr. Yamindi into jail.

4.22     Trooper Osmer's actions directly and proximately caused Dr. Yamindi severe and ongoing mental anguish and distress. Furthermore, Dr. Yamindi was forced to defend against baseless a criminal prosecution and incurred associated costs.

<u>Trooper Osmer Unlawfully Arrested Plaintiff Nickiesha Gordon</u>

4.23     Less than one month later, Trooper Osmer engaged in almost identical misconduct.

4.24     On November 2, 2020, Trooper Osmer was on patrol when he decided to follow Nakeisha Gordon as she drove eastbound on I-90, near the Mercer Way exit in King County.

4.25     Trooper Osmer pulled Ms. Gordon over for an alleged traffic infraction.

COMPLAINT - 4

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

19091.00 pe312501

4.26   Trooper Osmer saw Ms. Gordon was a black female and heard that she spoke with a Jamaican accent.

4.27   Trooper Osmer told Ms. Gordon to exit the vehicle.

4.28   Trooper Osmer had Ms. Gordon perform a breath test.

4.29   The breath test Trooper Osmer administered on the scene showed Ms. Gordon's blood alcohol content was 0.000.

4.30   Ms. Gordon was in fact completely sober.

4.31   Ms. Gordon explained she was not driving under the influence, to which Trooper Osmer replied, "Well then, let's prove that."

4.32   Trooper Osmer had Ms. Gordon perform additional field sobriety tests including the "Horizontal Gaze Nystagmus," "the One Leg Stand," and the "Walk and Turn."

4.33   Ms. Gordon performed all the tests satisfactorily and as instructed.

4.34   Ms. Gordon explained to Trooper Osmer that she was returning from a long shift at work. She offered to call her supervisor to confirm this, but Trooper Osmer refused.

4.35   Trooper Osmer handcuffed Ms. Gordon and placed her under arrest for driving under the influence.

4.36   Trooper Osmer had Ms. Gordon's car impounded.

4.37   Trooper Osmer transported Ms. Gordon in handcuffs to the Washington State Patrol Office in Bellevue.

4.38   Trooper Osmer obtained a search warrant for two vials of blood from Ms. Gordon, and had the blood tested for the presence of alcohol or drugs. The result of the blood test ultimately showed that Ms. Gordon had not consumed any drugs or alcohol.

4.39   In order to obtain a search warrant for Ms. Gordon's blood, Trooper Osmer falsely represented to a Magistrate Judge that there was reason to believe Ms. Gordon was impaired.

4.40   Trooper Osmer's statement that there was reason to believe Ms. Gordon was impaired was an intentional or reckless misstatement or omission.

COMPLAINT - 5

4.41    Whether there was reason to believe Ms. Gordon was impaired was material to probable cause or the lack thereof. The warrant would not have issued but for Trooper Osmer's false statement that there was reason to believe Ms. Gordon was impaired.

4.42    Trooper Osmer took Ms. Gordon to King County Jail and booked her.  At that time, non-violent offenders were not to be placed in lockup because of the risks associated with COVID-19. Trooper Osmer nevertheless booked Ms. Gordon into jail.

4.43    All charges were dismissed.

4.44    There was no probable cause to arrest Ms. Gordon or draw her blood.

4.45    Trooper Osmer arrested and searched Ms. Gordon without probable because she is black and/or because of her national origin.

4.46    As a direct and proximate result of Trooper Osmer's false arrest of Ms. Gordon, Ms. Gordon was forced to spend the night in jail at the height of the pandemic, then defend against a baseless criminal prosecution and incur associated costs and harms. Furthermore, Trooper Osmer's actions caused her to lose her job, and she was forced to move across the country where she could rely on the support of her relatives. The record of the false arrest continues to prevent Ms. Gordon from obtaining employment. Trooper Osmer's actions also caused Ms. Gordon ongoing mental anguish and distress.

<u>Allegations Against Washington State Patrol</u>

4.47    Additionally, or alternatively, Trooper Osmer acted at all times according to Washington State Patrol polices and directives.

4.48    At all relevant times, Trooper Osmer was an employee of the Washington State Patrol.

4.49    At all relevant times, Trooper Osmer acted within the scope of his employment and under color of state law.

4.50    At all relevant times, the Washington State Patrol had a duty to exercise due care in hiring, training, directing, and supervising its employees, including Trooper Osmer.

COMPLAINT - 6

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

19091.00 pe312501

4.51    As part of that duty, the Washington State Patrol knew or should have known that its conduct in hiring, training, directing, and/or supervising Trooper Osmer created an unreasonable risk that black and/or immigrant drivers including Dr. Yamindi and Ms. Gordon would be arrested and searched without probable cause.

4.52    The Washington State Patrol knew or should have known that failure to properly vet, train, direct, and/or supervise Trooper Osmer with respect to race and/or national origin bias and/or the legal standards governing searches and arrests under the 4th Amendment could and would result in unlawful arrests and/or searches of black and immigrant drivers like Dr. Yamindi and Ms. Gordon.

4.53    Trooper Osmer arrests black drivers for alleged DUI at disproportionate rates. Trooper Osmer's conduct is  consistent with public reports of racial disparities in the Washington State Patrol's enforcement activity in King County. *See*, e.g., *Report to the Washington State Patrol,* Sanders, et al., Wash. State. Univ., 2021, available at: https://www.wsp.wa.gov/wp-content/uploads/2022/02/WSP-Bias-Traffic-Stop-Study_2021.pdf (accessed June 10, 2022).

4.54    The Washington State Patrol failed to exercise due care in hiring, training, and/or supervising Trooper Osmer.

<u>COVID-19 Allegations</u>

4.55    Trooper Osmer's false arrests of Dr. Yamindi and Ms. Gordon occurred during the height of the COVID-19 pandemic.

4.56    At the time of both false arrests, due care required that nonviolent misdemeanor arrestees not be booked in jail, to prevent the spread of COVID-19 and risk to arrestees.

4.57    Trooper Osmer nonetheless booked both plaintiffs into jail, where they were forced to spend the night without adequate COVID-19 precautions.

4.58    As a direct result of this breach of care, Trooper Osmer needlessly exposed Dr. Yamindi and Ms. Gordon to the risk of contracting COVID-19, which caused both Dr. Yamindi and Ms. Gordon ongoing emotional anguish and distress.

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

19091.00 pe312501

1    4.59    Alternatively, in failing to exercise due care with respect to the risk of arrestee

2    exposure to COVID-19, Trooper Osmer was acting pursuant to the policies and supervision of

3    the Washington State Patrol.

4    4.60    The Washington State Patrol failed to exercise due care in designing and

5    implementing COVID-19 policies, exposing Dr. Yamindi and Ms. Gordon to the risks of

6    COVID-19 as a direct and proximate result.

7    4.61    The Washington State Patrol failed to exercise due care in supervising, hiring,

8    and/or training Trooper Osmer, exposing Dr. Yamindi and Ms. Gordon to the risks of COVID-19

9    as a direct and proximate result.

10    **V.    CAUSES OF ACTION**

11    **Violation of RCW 49.60.030 (Washington Law Against Discrimination) by Trooper Osmer**

12    5.1    Trooper Osmer denied Plaintiffs full enjoyment of a public accommodation on the

13    basis of race.

14    5.2    Trooper Osmer denied Plaintiffs full enjoyment of a public accommodation on the

15    basis of Plaintiffs' national origins, namely Central African Republic and Jamaican respectively.

16    **Violation of 49.60.030 (Washington Law Against Discrimination) by Washington State**

17    **Patrol**

18    5.3    The Washington State Patrol is directly liable for the unlawful discrimination of

19    its employee Trooper Osmer.

20    **Violations of the Fourth Amendment Under 42 U.S.C. § 1983 by Trooper Osmer**

21    5.4    Trooper Osmer violated Plaintiffs' clearly established right to be free from

22    unreasonable seizures, protected by U.S. Const. amend. IV, when he arrested them without

23    probable cause.

24    5.5    Trooper Osmer violated Plaintiffs' clearly established right to be free from

25    unreasonable searches, protected by U.S. Const. amend. IV, when he caused their blood to be

26    drawn without probable cause.

27

COMPLAINT - 8

5.6     Trooper Osmer violated Plaintiffs' clearly established right to be free from unreasonable searches, protected by U.S. Const. amend. IV, when he made intentional or reckless omissions and/or misrepresentations to judicial officers to obtain search warrants to draw Plaintiffs' blood.

**Negligence by Trooper Osmer**

5.7     Trooper Osmer negligently exposed Plaintiffs to the risk of COVID-19 infection.

**Negligence by Defendant Washington State Patrol**

5.8     Washington State Patrol negligently hired, trained, directed and/or supervised Trooper Osmer, causing Plaintiffs to be exposed to the risks of COVID-19.

5.9     Washington State Patrol is further liable for all of Trooper Osmer's negligence as his employer, under the doctrine of *respondeat superior.*

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Jean-Baptiste Yamindi and Nakeisha Gordon request the following relief:

6.1     A trial by jury on all claims so triable;

6.2     All compensatory and punitive damages authorized by law;

6.3     Additional compensation for any potential increased tax burden;

6.4     The right to amend the pleadings to conform with the evidence;

6.5     Reasonable attorney's fees and costs under 42 U.S.C. § 1988; RCW 49.60.030, and other applicable law.


DATED this 21st day of June 2022.


                    MacDONALD HOAGUE & BAYLESS

COMPLAINT - 9

MacDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

19091.00 pe312501

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

By:  ___/s/  Nathaniel Flack___
Joe Shaeffer, WSBA #33273
Nathaniel Flack, WSBA #58582
joe@mhb.com
nathanielf@mhb.com
Attorneys for Plaintiff

COMPLAINT - 10

19091.00 pe312501